UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| BONFIGLIOLI USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 23-014-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MIDWEST ENGINEERED | ) | **MEMORANDUM OPINION** |
| COMPONENTS, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Midwest Engineered Components, Inc. (Midwest) has filed a motion to dismiss or to stay this action, arguing that this case is largely duplicative of an underlying dispute currently pending in the United States District Court of Minnesota. [Record No. 19] Midwest argues in the alternative that Bonfiglioli USA, Inc. (Bonfiglioli) fails to state a claim under Minnesota law. [*Id.*] It contends that Kentucky is the proper forum pursuant to the first-to-file rule and Kentucky's Choice of Law rules favor applying Kentucky law. [Record No. 26] Midwest's motion will be denied because Bonfiglioli was the first to file, the declaratory judgment and anti-injunction acts are inapplicable, and Kentucky's significant-relationship test favors applying Kentucky law.

## I.  Background

The following facts are taken as true for the purposes of the motion to dismiss. Bonfiglioli is a manufacturer and distributor of "a range of gearmotors, drive systems, planetary gearboxes and inverters for the industrial automation, mobile machinery and renewable energy sectors." [Record No. 15]  Midwest markets and sells "the products of

manufacturers and importers in the electrical and mechanical power transmission industry."
[Record No. 20] The parties entered into a sales representation agreement (SRA) in 2020,
whereby Midwest agreed to sell Bonfiglioli's products in exchange for a seven-percent
commission in Minnesota, Illinois, Wisconsin, Iowa, North Dakota, and South Dakota.
[Record No. 15] The contract also contained a choice-of-law provision:

> This Agreement is made and shall be performed, construed and
> enforced exclusively in accordance with, and the rights of the
> parties hereto shall be governed by the laws of the State of
> Kentucky and the federal laws of the United States of America
> applicable therein.  All parties hereby attorn to the jurisdiction of
> the Courts of the State of Kentucky.

Bonfiglioli terminated its relationship with Midwest approximately two-and-a-half
years later by giving it sixty-days' notice, which satisfied the SRA's termination section.  [*Id.*]
Midwest then sent Bonfiglioli a letter eighty-eight days later, alleging that Bonfiglioli's
termination violated Minnesota's Termination of Sales Representatives Act (MTSRA).  [*Id.*]
Midwest asserted that it was entitled to "$165,000.00, at a minimum, for future commissions,
consequential damages, lost profits, and attorney's fees."  [*Id.*]  A summons, complaint, and
copy of the MTSRA allegedly accompanied the letter.  [Record No. 20] A few days later,
Midwest received correspondence from Bonfiglioli, rejecting Midwest's proposed settlement
and notifying it that Bonfiglioli filed suit in a Kentucky state court on January 12, 2023.  [*Id.*]
Midwest responded by filing its summons and complaint in a Minnesota state court on January
25, 2023.  [*Id.*]  Each case was removed to its respective federal district court.  [*Id.*]

## II.  Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the
pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  When considering a motion to dismiss

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle" him or her to relief. *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).

### III. Analysis

### A. The First-to-File Rule

Each party argues that the first-to-file rule supports its position. This rule "is a 'well-established doctrine that encourages comity among federal courts of equal rank.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *Amsouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004)). It provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio v. Ed. Tobergate Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).

Midwest contends that it was the first party to file suit because, "[u]nder Minnesota law, an action is commenced upon service—not filing." [Record No. 20, p. 7] Bonfiglioli counters that, "[i]n the Sixth Circuit, . . . the first-to-file rule – as its name suggests – is triggered by *filing* a complaint, not by serving it," and "even if the Sixth Circuit recognized

substituted service by the Secretary of State as sufficient for the purposes of the first-to-file rule, which it does not, [Midwest] was still late." [Record No. 26]  In support, Bonfiglioli produced a document from the Office of the Minnesota Secretary of State documenting that Midwest executed substituted service on January 13, 2023. [Record No. 26-1][1]

"[I]t is the date of filing, not the date of service, that determines which action takes precedence under the first-to-file rule*." Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 11-15068, 2012 U.S. Dist. LEXIS 11489, at 12 n.1 (E.D. Mich. Jan. 31, 2012).  Other courts—including the District of Minnesota—have also determined that the operative date for purposes of the first-to-file rule is when a case is *filed*. *See Twin Cities Gaming Supplies, Inc. v. FortuNet, Inc.*, No. 09–2290, 2010 WL 391294, *2-3 (D. Minn. Jan. 25, 2010).  This Court need not decide the issue because the facts do not support Midwest's argument even if its date-of-commencement theory applied:  Bonfiglioli filed suit before Midwest's suit commenced in Minnesota.

"A Minnesota action commences only upon adequate service of process to the defendant, not when a complaint is filed." *Williams v. On–Belay of Minnesota, Inc.*, No. 17–564, 2017 WL 4990526, at *2 (D. Minn. Oct. 31, 2017).  "Under Minnesota law, '[a] foreign corporation shall be subject to service of process, as follows: (1) by service on its registered agent; or (2) as provided in section 5.25.'" *RedWind Renewables, LLC v. Terna Energy USA Holding Corp.*, No. 21-cv-1580, 2021 WL 5769308, *2 (D. Minn. Dec. 6, 2021) (citing MINN.

---

[1]      "A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir. 2004)).

STAT. § 303.13 (2023)).   Here, the applicable service of process method is "by delivering to and leaving with the secretary of state." MINN. STAT. § 5.25.  Midwest delivered the summons to the Minnesota Secretary of State on January 13, 2023, one day after Bonfiglioli filed suit in Kentucky.   [*See* Record No. 1-1, p. 4.]   Thus, Bonfiglioli is the first to file or otherwise commence suit in this matter.[2]

## B.  Declaratory Judgment and Anti-Injunction Acts

Midwest argues that Bonfiglioli's Kentucky case is inconsistent with the purposes of the Declaratory Judgment Act.  [Record No. 20] The Act states that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).   Its central purpose "is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit." *Fireman's Fund Ins. Co. v. Ignacio*, 860 F.2d 353, 354 (9th Cir. 1988).   The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); *see also Massachusetts Bay Ins. Comp. v. Christian Funeral Dirs., Inc.*, 759 F. App'x 431, 442 (6th Cir. 2018).   And "[t]here is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action." *Wilton*, 515 U.S. at 288.

In this case, however, Bonfiglioli seeks both declaratory relief and damages. [Record No. 15]  When a party "seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court *must address*, then the entire benefit derived from

---

[2]   Midwest appears to abandon its first-to-file argument in its reply and does not dispute that it delivered the summons to the Minnesota Secretary of State on January 13, 2023.

exercising discretion not to grant declaratory relief is frustrated, and a stay or dismissal would not save any judicial resources." *Adrian Energy Assocs. v. Michigan Public Serv. Comm'n*, 481 F.3d 414, 422 (6th Cir. 2007); *see also Branham v. Employers Mut. Casualty Comp.*, No. 5: 21-cv-00219, 2021 WL 5570310 (E.D. Ky. Nov. 29, 2021) ("The Court finds that there is no justification to decline jurisdiction under the Declaratory Judgment Act because there are closely intertwined claims that the Court must hear."); *Zillow, Inc. v. Bork*, 593 F. Supp. 3d 619, 635-36 ("But when a case also raises claims that the Court must exercise jurisdiction over . . . that are closely intertwined with the claim for declaratory relief, judicial economy no longer favors declining jurisdiction and the court should still consider the declaratory judgment claim.").[3]

Midwest also contends that this action violates the Anti-Injunction Act, but both this action and the Minnesota action are pending in federal court. The Anti-injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a *state* court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283 (emphasis added). Its purpose is to prevent "unnecessary friction between state and federal courts." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 900 (8th Cir. 2000); *see also Time Warner Cable, Inc. v. City of Minneapolis*, No. 06-484, 2006 U.S. Dist. LEXIS 41602 (D. Minn. June 2, 2006). It "does not apply to preclude this court from enforcing an injunction against claims pending in another

---

[3]     Midwest presents new issues in its reply regarding the substantive validity of Bonfiglioli's fraud claim and punitive damages. But "[i]t is well-established that a party . . . may not raise an argument for the first time in a reply brief." *United States v. Turek*, No. 5: 11-CR-29, 2015 WL 5838479, at *6 (E.D. Ky. October 6, 2015) (quoting *Hadley v. United States*, No. 1: 06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010)).

federal court." *SR 7 Leasing, Inc. v. Curtis*, 189 F.R.D. 681, 685 (M.D. Ala. 1999); *see also Vista Resources, Inc. v. Connolly*, No. 82-0707, 1982 U.S. Dist. LEXIS 11210, *6-7 (D. Mass. Mar. 16, 1982) ("The Anti-Injunction Act does not apply here. It bars only the issuance of an injunction against pending state proceedings."). *Cf. Time Warner Cable, Inc.*, 2006 U.S. Dist. LEXIS 41602, at *14 ("The Act does not apply to state administrative proceedings because administrative proceedings have no impact on state courts." (citing *Entergy, Arkansas, Inc.*, 210 F.3d at 900)).

### C.  Conflict of Law

Midwest also argues that Bongfilioli's Complaint fails to state a claim under Minnesota law.  For Minnesota's statute to apply in this case, however, "it must do so because the [Kentucky] choice-of-law principles that bind this court say that the other state's law should apply."  *Sugarlips Bakery v. A&G Franchising*, No. 20-cv-00830, 2022 U.S. Dist. LEXIS 12196, at *26 (M.D. Tenn. Jan. 24, 2022).  A federal court sitting in diversity applies the forum state's choice of law analysis to resolve conflicts.  *See Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 616 (6th Cir. 2014).  "Because this action was brought in federal court in Kentucky, Kentucky's choice-of-law rules apply."  *Hackney v. Lincoln Nat'l Fire Ins. Co.*, 657 F. App'x 563, 570 (6th Cir. 2016) (citing *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002)).

Kentucky has "adopted the approach found in Restatement (Second) of Conflict of Laws § 188(1) (1971), that is, the choice of law is based on which state has the most significant relationship to the transaction and the parties."  *Grange Prop. & Cas. Co. v. Tennessee Farmers Mut. Ins. Co.*, 445 S.W.3d 51, 54 (Ky. Ct. App. 2014) (citing *Lewis v. American Family Ins. Group*, 555 S.W.2d 579 (Ky. 1977)); *see also Hackney*, 657 F. App'x at 570-71

(discussing the impact of *Schnuerle v. Insight Communications Co.*, 376 S.W.3d 561 (Ky. 2012)).  "Among the factors a court uses to make such a determination are: the place or places of negotiating and contracting; the place of performance; the location of the contract's subject matter; and the domicile, residence, place of incorporation and place of business of the parties." *Grange Prop. & Cas. Co.*, 445 S.W.3d at 54 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (AM. L. INST. 1971).

The Restatement also provides a list of principles used to determine which state has the most significant relationship:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6; *see also Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 669 (E.D. Ky. 2010) (discussing choice of law and the Restatement principles).

The parties do not provide information regarding the location of negotiating or contracting. The "place of incorporation and place of business of the parties" involves Minnesota, Delaware, and Kentucky.  [Record No. 7]  Relevant to the subject matter and place of performance, Bonfiglioli paid commissions to Midwest (and shipped merchandise to third-party customers) from Kentucky, and Midwest made efforts to sell and promote the sale of Bonfiglioli products in Minnesota, Illinois, Wisconsin, Iowa, North Dakota, South Dakota.

Regarding significant-relationship-test principles, Minnesota has an interest in guarding its sales representatives, but Kentucky also has a strong interest in protecting and upholding the parties' bargained-for exchange to perform pursuant to Kentucky law. *Cf. Mefford by & Through Scruggs v. GEICO Ins. Co.*, No. 2018-CA-000789-MR, 2019 WL 2317158, at *3 (Ky. Ct. App. May 31, 2019). Following Kentucky law in this case protects "justified expectations" and provides "certainty, predictability and uniformity of result," with "ease in the determination and application of the law to be applied." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6.

As a final matter, Bonfiglioli has also filed a Motion to Strike because Midwest presented new arguments in its reply brief. As stated previously, "[i]t is well-established that a party . . . may not raise an argument for the first time in a reply brief." *United States v. Turek*, No. 5: 11-CR-29, 2015 WL 5838479, at *6 (E.D. Ky. October 6, 2015) (quoting *Hadley v. United States*, No. 1: 06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010)).

### IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.     Plaintiff Bonfiglioli's motion to strike [Record No. 28] is **GRANTED**.

2.     Defendant Midwest's motion to dismiss or stay [Record No. 19] is **DENIED**.

Dated: April 28, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky